# UNITED STATES DISTRICT COURT

_____Eastern_____ District of _____Michigan_____

UNITED STATES OF AMERICA

v.

Correy Rimers
_Defendant_

ORDER OF DETENTION PENDING TRIAL

Case Number: 12-20091

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a  [ ] federal offense  [ ] state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - [ ] a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - [ ] an offense for which the maximum sentence is life imprisonment or death.
  - [ ] an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the  [ ] date of conviction  [ ] release of the defendant from imprisonment for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- [ ] (1) There is probable cause to believe that the defendant has committed an offense
  - [ ] for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - [ ] under 18 U.S.C. § 924(c).
- [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- [x] (1) There is a serious risk that the defendant will not appear.
- [x] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  [ ] clear and convincing evidence  [ ] a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

2/10/12
_Date_

_[signature]_
_Signature of Judge_

U.S. Magistrate Judge Mona K. Majzoub
_Name and Title of Judge_

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 _et seq._); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 _et seq._); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Correy Rymers Order of Detention

Defendant is charged by way of indictment with Failure to Register as a Sex Offender. Defendant has been charged twice previously for the same offense and has been twice convicted and imprisoned on these same charges. This appears to be Defendant's third charge for Failure to Register as a Sex Offender.

The underlying charge and conviction for Aggravated Criminal Sexual Abuse and Contributing to the Delinquency of a Minor involved a 15 year old girl (Defendant was then 23 years old). Defendant was convicted on January 26, 1999 and sentenced to four years imprisonment.

In 2006 Defendant was charged with Violation of Sex Offender Registration and was convicted and sentenced to five years imprisonment. On May 4, 2007 Defendant was again charged with Violation of Sex Offender Act and was convicted, and on July 2, 2007 was sentenced to two years imprisonment (concurrent). He has spent approximately 10 of his 40 years incarcerated.

In addition to the fact that Defendant has been convicted of failure to register as a sex offender twice in the past, with jail sentences imposed both times, Defendant's criminal history is of concern. Specifically, he has been convicted of Felony Escape from Prison on April 6, 1995 and was consequently sentenced by the DOC to two years imprisonment.

Defendant has lived a transient life style and lacks family tie of any kind. Specifically he is 40 years old, has been married twice and is divorced from his first wife and separated from his second wife. He has one child born in each marriage. He has had no contact with either of his children. He reports that he has relatives in this district, but could not provide any contact information for any of them. He has no contact whatsoever with his parents who reside in Iowa. He also has no contact with any of his siblings.

Defendant has only resided in this district for 6 months. Prior to coming to Michigan he was transient for three months, living in hotels, rooms for rent, and in his car. Prior to that he lived transiently in Ohio six to eight months, and before that he lived in Illinois for nine years.

Somewhat disturbing is that his current living arrangements are with a woman, Ms. Jean Melosh, and her 15 year old daughter and her 12 year old son. Ms. Melosh met the Defendant six months ago, and has only known the Defendant for six months, but has lived with him for six months in Petersburg, Michigan, along with her teenage daughter and son.

Defendant argues for a bond and asks that he be allowed to return to Ms. Melosh's home to live with her and her teenage daughter and son. Defendant offers Ms. Melosh as a third party custodian. This Court finds that under these circumstances that Ms. Melosh would not be an appropriate third party custodian, and that bond is not appropriate.

Defendant has a history of Felony Escape from Prison. He is a convicted sex offender. He has been convicted twice already for failure to register. He has made statements to the arresting officer that he does not want to go to jail, and that he why he failed to register as a sex offender. He is a flight risk based upon all of the above, but in addition, he has no family ties of any kind and no community ties to this district, except for his living arrangement with Ms. Melosh and her children. By a preponderance of the evidence, this Court finds there is no condition or combination of conditions that would assure Defendant's appearance in court.

Defendant also poses a danger to the community, not only because of the instant charges, but also because he has repeatedly failed to register as a sex offender, has been convicted of same, and sentenced to prison, and seems immune to any deterrent effect that imprisonment may have offered. His past lack of compliance with the statutory requirements of his status as a sex offender is a strong indicator of his almost certain lack of compliance with any conditions of bond that this court might set. This Court also finds that Defendant poses a danger to the community by clear and convincing evidence and that there is no condition or combination of conditions that would assure the safety of the community.

Therefore Detention is Ordered.